UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KENNETH R. MUSICK, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>)<br>U.S. DEPARTMENT OF JUSTICE *et al.*, )<br>)<br>Respondents. ) | Civil Action No.  22-2905 (UNA) |

## **MEMORANDUM OPINION**

Petitioner, appearing *pro se*, has filed a petition for a writ of mandamus, ECF No. 1, and an application to proceed *in forma pauperis*, ECF No. 2. The Court will grant the application and dismiss the case pursuant to 28 U.S.C. § 1915A, which requires immediate dismissal of a prisoner's case against a governmental entity if the court determines that the action fails to state a claim upon which relief may be granted.

Petitioner is an Oklahoma state prisoner who is "an enrolled member of the Cherokee Nation[.]" Am. Pet. at 1. He alleges that the Oklahoma court lacked "criminal jurisdiction" and thus seeks a writ of mandamus to compel the U.S. Departments of Justice and Interior to investigate his prosecution, conviction, and incarceration. *Id*. at 1, 3-4.

Mandamus is proper only if "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to plaintiff." *Council of and for the Blind of Delaware County Valley v. Regan*, 709 F.2d 1521, 1533 (D.C. Cir. 1983) (en banc). Petitioner has an available remedy in habeas. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam) ("Challenges to the validity of any confinement or to particulars

affecting its duration are the province of habeas corpus [.]") (citation omitted)); *Morales v. Jones*, 417 Fed. App'x 746, 749 (10th Cir. 2011) ("Absence of jurisdiction in the convicting court is indeed a basis for federal habeas corpus relief cognizable under the due process clause."). And where "habeas is an available and potentially efficacious remedy, it is clear beyond reasonable dispute that mandamus will not appropriately lie." *Chatman–Bey v. Thornburgh*, 864 F.2d 804, 806 (D.C. Cir. 1988). Moreover, it is established that courts cannot compel agencies to initiate an investigation since such decisions are "generally committed to an agency's absolute discretion." *Heckler v. Chaney*, 470 U.S. 821, 831 (1985). Therefore, this case will be dismissed by separate order.

Date: October 18, 2022

_____/s/_____
COLLEEN KOLLAR-KOTELLY
United States District Judge